UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES ARTHUR SMITH, JR.,

Plaintiff,

v.

MEDICAL DIRECTOR, *et al.*,

Defendants.

Case No. 3:25-cv-00320-MMD-CSD

SCREENING ORDER

## I. SUMMARY

Pro se Plaintiff James Arthur Smith, Jr., a former Nevada prisoner, has submitted a civil-rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")) and filed an application to proceed *in forma pauperis* (ECF No. 1 ("IFP")). Based on the financial information provided, the Court finds that Plaintiff cannot afford to prepay the filing fee, so it will grant his IFP application. The Court now screens Plaintiff's civil-rights complaint under 28 U.S.C. § 1915.

## II. SCREENING STANDARD

The court shall dismiss a case any time if the court determines that the action or appeal (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a

complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "a *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation modified).

## III. SCREENING OF COMPLAINT

The events alleged in the Complaint occurred while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1.) Plaintiff has diabetes for which he takes insulin. (*Id.* at 4.) From October 9, 2024, to March 27, 2025, Plaintiff was administered the brand name insulin Novolin "N" and Novolin "R," which were "wrong" and caused Plaintiff to be lethargic and suffer ketoacidosis, hypoglycemia, and/or hyperglycemia. (*Id.* at 4, 5.) These conditions were not treated, and his blood-sugar levels were not monitored. (*Id.* at 3.) He experienced mental and psychological injuries. (*Id.*)

Based on the allegations summarized above, Plaintiff sues Medical Director, Medical Provider, and Head Nurse. (*Id.* at 1-2.) He brings two Eighth Amendment deliberate indifference to serious medical needs and seeks monetary relief. (*Id.* at 9.) The Court addresses these theories and any issues below.

**A. Eighth Amendment Deliberate Indifference**

To state a claim under the Eighth Amendment arising from the deliberate indifference to medical needs, a plaintiff must plead facts demonstrating (1) a deprivation that is objectively, sufficiently serious, and (2) the officials involved were subjectively, deliberately indifferent to the plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the objective prong of the deliberate-indifference test, a plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation modified). For the subjective, or "deliberate indifference" prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation modified).

Plaintiff alleges enough facts to show that he required a different kind of insulin to treat his diabetes because being administered Novolin "N" and "R" for over five months caused him to become hypoglycemic and/or hyperglycemic and then suffer ketoacidosis. Plaintiff also alleges enough facts to show that his glycemic and ketoacidosis complications required treatment because he became lethargic and experienced mental and psychological injuries. So the serious-deprivation element of Eighth Amendment analysis is satisfied.

But these claims fail at the second element—deliberate indifference. Plaintiff alleges that the Medical Director prescribed the wrong medicine, the Medical Provider "refused" to let Plaintiff get the medicine he "needed," and the Head Nurse "refused" to "change" Plaintiff's prescription. There are no factual allegations supporting these conclusions. For example, Plaintiff does not identify a correct medicine and there are no

facts about when and how the Defendants knew that Novolin "N" and "R" were the wrong medicine to treat Plaintiff's diabetes. Plaintiff alleges that he experienced complications like ketoacidosis, hypoglycemia, and hyperglycemia, but there are no factual allegations showing when and how the Defendants knew about Plaintiff's complications and their responses, if any. The factual allegations are too slim to permit the inference that these Defendants knew Plaintiff's diabetes required monitoring.

Plaintiff also names only Doe defendants. Although the use of Doe to identify a defendant is not favored, flexibility is allowed in those cases where the identity of a party is not known before filing a complaint but is capable of being determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This is not the case here, because Plaintiff pleads only job titles for each Defendant and pleads no facts to show that their true identities could be discovered (e.g., age, gender, or any physical description). Moreover, Plaintiff does not identify any specific acts or omissions of constitutional magnitude nor state facts showing when these acts or omissions happened. The Eighth Amendment deliberate indifference claims about administering the wrong diabetes medications and failing to treat ketoacidosis, hypoglycemia, and/or hyperglycemia conditions are therefore dismissed without prejudice and with leave to amend.

**B. Leave to Amend**

Because it appears that Plaintiff might be able to cure the deficiencies of his Eighth Amendment medical-indifference claims, the Court grants him leave to file an amended complaint to attempt to replead these claims. This means that Plaintiff has leave to plead facts to cure the claims' defects identified above. Plaintiff also has leave to identify any of the Doe Defendants or plead facts to show that their identities could be discovered. Plaintiff does not have leave to add new claims.

The purpose of a complaint is to tell the story of the case by narrating the facts of what did or did not happen to the plaintiff and then outlining the legal claims that the plaintiff has against each defendant based on those facts. If Plaintiff chooses to file an

amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means that Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.

Plaintiff should file the amended complaint on this Court's approved prisoner civil-rights form, and it must be titled "First Amended Complaint." Plaintiff must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.

## IV. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff is permitted to maintain this action to conclusion without having to prepay any additional fees or costs or giving security for them.

It is further ordered that the Eighth Amendment deliberate indifference claims arising from administering the wrong diabetes medications and failing to treat ketoacidosis, hypoglycemia, and/or hyperglycemia conditions are dismissed without prejudice and with leave to amend.

It is further ordered that Defendants Medical Director, Medical Provider, and Medical Head Nurse are dismissed without prejudice from this action.

It is further ordered that Plaintiff has 30 days from the date of entry of this order to file an amended complaint. If Plaintiff fails to timely file an amended complaint, this action will be subject to dismissal without prejudice.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1) and send Plaintiff the approved form for filing a civil-rights complaint by an inmate with instructions and a courtesy copy of his complaint (ECF No. 1-1).

///

///

DATED THIS 29th Day of June 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE