UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES ARTHUR SMITH, JR.,

Plaintiff,

v.

MEDICAL DIRECTOR, *et al.*,

Defendants.

Case No. 3:25-cv-00320-MMD-CSD

SCREENING ORDER

## I. SUMMARY

Former Nevada prisoner James Smith, Jr., filed a civil-rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF Nos. 1-1, 4.) In screening Plaintiff's initial complaint, the Court dismissed his Eighth Amendment medical indifference claims with leave to amend. (ECF No. 3.) Plaintiff timely dispatched his First Amended Complaint (ECF No. 5 ("FAC")), which the Court now screens under 28 U.S.C. § 1915A.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the claim's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court may "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. SCREENING OF FAC

### A. Factual Allegations

Plaintiff was prescribed metformin to treat his diabetes. (ECF No. 5 at 3.) Plaintiff had his medication and medical files when he was transferred to NNCC from a different facility. (*Id.* at 2, 3.) On October 9, 2024, "Jane Doe" "Triage Nurse" took Plaintiff's medical files and medication and refused to return his medication despite knowing that he is diabetic. (*Id.* at 3.) Plaintiff went into diabetic shock on October 10 and November 15, 2024. (*Id.*)

Plaintiff and his cellmate pounded on their cell door seeking emergency medical care for Plaintiff's condition on November 2 and 13 and December 2, 2024, and January 15 and February 5, 2025. (*Id.*) "They" knew Plaintiff was having complications with diabetes like ketoacidosis and hypoglycemia, but did not respond. (*Id.*) The "medical practitioner" refused to order Plaintiff's metformin on November 2 and 13, 2024, and January 5 and 15, 2025. (*Id.*)

**B. Analysis of Claim**

Based on the allegations summarized above, Plaintiff sues Jane Doe Triage Nurse, John Doe Medical Practitioner, Medical Staff, and NNCC. (*Id.* at 1–2.) He brings one Eighth Amendment medical-indifference claim for failure to treat his diabetes condition and seeks monetary relief. (*Id.* at 3, 6.)

As an initial matter, NNCC and Medical Staff are dismissed with prejudice. NNCC is merely a building, not a person or entity that can be sued. Medical Staff, if such entity exists, also cannot be sued here because it is a department of a state agency—the Nevada Department of Corrections ("NDOC")—and neither the State of Nevada, the NDOC, nor its departments can be sued in a federal § 1983 action. States are not persons for § 1983's purposes. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). And "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991).

As to the remaining Defendants, the Court finds Plaintiff fails to state a colorable medical indifference claim because Plaintiff has not alleged enough facts to show that the identities of these defendants could be obtained with discovery. In screening his initial complaint, the Court instructed Plaintiff that if he chose to file an amended complaint, he needed to describe the Doe defendants with more particularity than gender and job titles. (ECF No. 3 at 4.) In his FAC, Plaintiff provides only gender and a job title for each Doe defendant. (ECF No. 5 at 2, 3.) The few well-pled facts about the Does and their alleged misconduct are too slim to permit a custodian of records to identify any of them. For example, Plaintiff does not describe the circumstances in which his medication was confiscated or the practitioner refused to order his medication, and he pleads no facts about who ignored his calls for emergency care. Based on the content of Plaintiff's allegations, the Court finds that additional leave to amend as to these defendants would

///

be futile. The Eighth Amendment medical indifference claim about failure to treat diabetes condition is therefore dismissed without prejudice and without leave to amend.

## IV. CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on the Plaintiff's failure to state a colorable claim for relief. The Clerk of Court is directed to enter judgement accordingly and close this case.

DATED THIS 30th day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE